## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VIIV HEALTHCARE COMPANY, SHIONOGI & CO., LTD., and VIIV HEALTHCARE UK (NO. 3) LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| CIPLA LIMITED and CIPLA USA, INC., | ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited (collectively, "Plaintiffs" or "ViiV") bring this action for patent infringement against Cipla Limited and Cipla USA, Inc. ("Cipla USA") (collectively, "Defendants" or "Cipla").

### THE PARTIES

1.      Plaintiff ViiV Healthcare Company, a wholly owned subsidiary of ViiV Healthcare Limited, is a corporation organized and existing under the laws of the State of Delaware, with a trading address at Five Moore Drive, Research Triangle Park, North Carolina 27709.

2.      Plaintiff Shionogi & Co., Ltd., also known as Shionogi Seiyaku Kabushiki Kaisha, is a corporation organized and existing under the laws of Japan, with a principal place of business at 1-8, Doshomachi 3-chome, Chuo Ku, Osaka, 541-0045, Japan.

1

3.      Plaintiff ViiV Healthcare UK (No. 3) Limited is a corporation organized and existing under the laws of the United Kingdom, with a registered office at 980 Great West Road, Brentford, Middlesex TW8 9GS, United Kingdom.

4.      On information and belief, Defendant Cipla Limited is a corporation organized and existing under the laws of India, with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai 400013, India.

5.      On information and belief, Defendant Cipla USA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9100 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156.

6.      On information and belief, Defendants are in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including within this District.

7.      On information and belief, Cipla USA is a wholly owned subsidiary of Cipla Limited.

8.      On information and belief, Defendants acted in concert to develop the proposed generic product that is the subject of Abbreviated New Drug Application ("ANDA") No. 210811 and to seek regulatory approval from the U.S. Food and Drug Administration ("FDA") to market and sell such proposed generic product throughout the United States, including within this District.

9.      On Information and belief, Cipla USA acts as the U.S. agent of Cipla Limited with respect to ANDA No. 210811 and Cipla USA will work, either directly or indirectly, to manufacture, import, market, and sell the proposed generic product.

10.     On Information and belief, ANDA No. 210811 references a Drug Master File for dolutegravir sodium held by Cipla Limited.

## NATURE OF THE ACTION

11.     This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of Defendants' ANDA No. 210811, filed with the FDA.   Defendants' ANDA No. 210811 seeks approval to engage in the commercial manufacture, use and sale of Abacavir Sulfate; Dolutegravir Sodium; Lamivudine tablets, for oral use ("Proposed Combination Product"), which is a generic version of ViiV's TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, prior to the expiration of Plaintiffs' U.S. Patent No. 9,242,986 ("the '986 Patent").

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

13.     This Court has personal jurisdiction over Defendants because, *inter alia*, they have maintained continuous and systematic contacts with the State of Delaware and this District.

14.     On information and belief, Defendants collaborate to market and sell generic pharmaceutical products, pursuant to the Abbreviated New Drug Application process, throughout the United States, including in the State of Delaware, at least by making and shipping into this judicial district, or by offering to sell or selling, or causing others to offer to sell or sell, generic pharmaceutical products.   Defendants derive substantial revenue from goods used or consumed or services rendered in this judicial district.

15.     This Court has personal jurisdiction over Cipla Limited by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of Delaware.  On information and belief, Cipla Limited: (1) intentionally markets and provides its generic pharmaceutical products to residents of this State; (2) enjoys substantial income from this State; (3) created a presence in the State through its related company, Cipla USA; and (4) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction.  *See, e.g., Amgen Inc. v. Cipla Limited et al.*, 1:16-cv-00880 (D. Del.); *Bristol-Myers Squibb Company v. Cipla USA, Inc. et al.*, 1:16-cv-00074 ( D. Del.); *Helsinn Healthcare S.A. et al. v. Cipla Ltd. et al.*, 1:14-cv-00427 (D. Del.); *Onyx Therapeutics, Inc. v. Cipla Limited et al.*, 1:16-cv-00988 (D. Del.).

16.     This Court has personal jurisdiction over Cipla USA by virtue of, *inter alia*, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial, continuous, and systematic contacts with the State of Delaware.   On information and belief, Cipla USA: (1) is incorporated in the state of Delaware; (2) intentionally markets and provides its generic pharmaceutical products to residents of this State; (3) enjoys substantial income from this State; and (4) affirmatively avails itself of the jurisdiction of this Court by filing counterclaims in this District and by being sued in this District without challenging personal jurisdiction.  *See, e.g., Amgen Inc. v. Cipla Limited et al.*, 1:16-cv-00880 (D. Del.); *Bristol-Myers Squibb Company v. Cipla USA, Inc. et al.*, 1:16-cv-00074 ( D. Del.); *Helsinn Healthcare S.A. et al. v. Cipla Ltd. et al.*, 1:14-cv-00427 (D. Del.); *Onyx Therapeutics, Inc. v. Cipla Limited et al.*, 1:16-cv-00988 (D. Del.).

ME1 26132625v.1

17.     On information and belief, Cipla Limited directly or through its subsidiaries, including Cipla USA, manufactures, imports, markets, and sells generic drugs throughout the United States and in this judicial district.

18.     On information and belief, Defendants intend to manufacture for distribution, and to distribute and sell, products that are generic equivalents of ViiV's TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use throughout the United States and in this judicial district.

19.     For the reasons set forth above, for the reasons set forth in the Court of Appeals for the Federal Circuit's decision in *Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755 (Fed. Cir. 2016), and for additional reasons which will be supplied if Defendants challenge personal jurisdiction in this action, Defendants are subject to personal jurisdiction in this District.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

21.     The '986 Patent, entitled "synthesis of carbamoylpyridone HIV integrase inhibitors and intermediates," was duly and legally issued on January 26, 2016 and will expire on December 8, 2029. A copy of the '986 Patent is attached as Exhibit A. Shionogi & Co., Ltd. is the assignee of the '986 Patent. ViiV Healthcare UK (No. 3) Limited is the exclusive licensee of the '986 Patent.

## FACTUAL BACKGROUND

### TRIUMEQ® (Abacavir, Dolutegravir, and Lamivudine) Tablets for Oral Use

22.     TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use are approved by the FDA for the treatment of HIV-1 infection.

ME1 26132625v.1

23.     ViiV Healthcare Company is the holder of approved New Drug Application No. 205551 for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, containing 600 mg of abacavir, dolutegravir sodium equivalent to 50 mg of dolutegravir, and 300 mg of lamivudine.

24.     TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use are covered by one or more Claims of the '986 Patent, and the '986 Patent has been listed for NDA No. 205551 in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

25.     ViiV sells and distributes TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use in the United States pursuant to NDA No. 205551.

### *Defendants' ANDA No. 210811*

26.     By the Notice Letter dated October 4, 2017, Defendants notified Plaintiffs that Defendants, by submitting ANDA No. 210811 to the FDA seek approval to engage in the commercial manufacture, use and sale of the Proposed Combination Product prior to the expiration of the '986 Patent, and that ANDA No. 210811 included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Combination Paragraph IV Certification") that the '986 Patent is allegedly invalid, unenforceable and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of the Proposed Combination Product.

27.     On information and belief, Defendants were necessarily aware of the Patent-in-Suit when ANDA No. 210811 was filed with the Combination Paragraph IV Certification.

28.     On information and belief, dolutegravir sodium as covered in one or more of the Claims of the '986 Patent is and/or will be present in the Proposed Combination Product.

29.     On information and belief, ANDA No. 210811 refers to and relies upon NDA No. 205551 for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use, and

contains data that, according to Defendants, demonstrate the bioequivalence of the Proposed Combination Product and TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use.

30.     On information and belief, the Proposed Combination Product will have instructions for use that substantially copy the instructions for TRIUMEQ® (abacavir, dolutegravir, and lamivudine) tablets for oral use.  The instructions accompanying the Proposed Combination Product will induce others to use and/or contribute to others' use of the Proposed Combination Product in the manner set forth in the instructions.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,242,986

31.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-30 of this Complaint.

32.     Defendants' October 4, 2017 Notice Letter provides only conclusory arguments of non-infringement with no information to evaluate those arguments.

33.     In an October 10, 2017 email, Plaintiffs requested that Cipla agree to modify the Offer of Confidential Access related to ANDA No. 210811 to enable Plaintiffs to meaningfully evaluate the bases for Cipla's assertion of non-infringement of Claims 1-12 of the '986 Patent.

34.     On November 3, 2017, Cipla sent a revised Offer of Confidential Access, which Plaintiffs executed and returned on November 6, 2017.

35.     In a November 13, 2017 email, Plaintiffs reminded Defendants of the executed Offer of Confidential Access related to ANDA No. 210811.

36.     To date, Plaintiffs have not received materials from Defendants to enable Plaintiffs to meaningfully evaluate the bases for Defendants' assertion of non-infringement of Claims 1-12 of the '986 Patent.

37.     In the absence of the ability to meaningfully evaluate information related to Cipla's ANDA No. 210811, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Cipla infringes one or more Claims of the '986 Patent.

38.     On information and belief, the Proposed Combination Product infringes one or more Claims of the '986 Patent, either literally or under the doctrine of equivalents, by the use and/or presence in the Proposed Combination Product of dolutegravir sodium as covered in one or more of the Claims of the '986 Patent.

39.     Defendants' submission of ANDA No. 210811 under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed Combination Product before the expiration of the '986 Patent constitutes infringement of one or more Claims of the '986 Patent under 35 U.S.C. § 271(e)(2).

40.     On information and belief, Defendants plan to, intend to, and will engage in the commercial manufacture, use, importation, sale and/or offer for sale of the Proposed Combination Product immediately upon approval of ANDA No. 210811 and will direct physicians and patients on the use of the Proposed Combination Product through product labeling.

41.     On information and belief, upon FDA approval of ANDA No. 210811, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed Combination Product in the United States.

ME1 26132625v.1

42.     Upon FDA approval of ANDA No. 210811, Defendants will infringe the '986 Patent under 35 U.S.C. § 271(a), literally and/or through the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Proposed Combination Product in the United States, and will infringe under 35 U.S.C. § 271(b) and/or (c), literally and/or through the doctrine of equivalents, by actively inducing and/or contributing to infringement by others.

43.     In the October 4, 2017 Notice Letter, Defendants do not cite any prior art and do not argue that any of Claims 1-12 of the '986 Patent are invalid over prior art.

44.     On information and belief, Defendants had knowledge of the '986 Patent when they submitted ANDA No. 210811 to the FDA, and Defendants know or should know that they will aid and abet another's direct infringement of at least one of the Claims of the '986 Patent.

45.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

46.     On information and belief, Defendants lacked a good faith basis for alleging in the October 4, 2017 Notice Letter non-infringement and invalidity of Claims 1-12 of the '986 Patent when they filed their Combination Paragraph IV Certification.   Accordingly, Defendants' Combination Paragraph IV Certification was wholly unjustified, and this case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a)     Judgment that the '986 Patent is valid and enforceable;

ME1 26132625v.1

b)      Judgment that Defendants' submission of ANDA No. 210811 was an act of infringement under 35 U.S.C. § 271(e)(2) of one or more Claims of the '986 Patent;

c)      Judgment that Defendants' making, using, offering to sell, selling, or importing into the United States of the Proposed Combination Product prior to the expiration of the '986 Patent, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more Claims of the '986 Patent;

d)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of ANDA No. 210811 shall be a date that is not earlier than the expiration of the '986 Patent plus any other exclusivity to which Plaintiffs are or become entitled;

e)      An Order permanently enjoining Defendants, their affiliates and subsidiaries, each of their officers, agents, servants and employees, and any person acting in concert with Defendants, from making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Proposed Combination Product until after the expiration of the '986 Patent plus any other exclusivity to which Plaintiffs are or become entitled;

f)      A declaration that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs' of their reasonable costs and attorneys' fees incurred in connection with this action; and

g)      Such further and other relief as this Court deems proper and just.

10

Dated:  November 17, 2017

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com

OF COUNSEL:

dsilver@mccarter.com
bsmyth@mccarter.com

Lisa B. Pensabene, Esq.
Filko Prugo, Esq.
Daniel O'Boyle, Esq.
Carolyn Wall, Esq.
Caitlin Hogan, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys for Plaintiffs,*
*ViiV Healthcare Company, Shionogi & Co., Ltd.,*
*and ViiV Healthcare UK (No. 3) Limited*

11